**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,            ) | CR 06-1300-TUC-FRZ (GEE) |
|                                       ) | |
| Plaintiff,            ) | **REPORT AND RECOMMENDATION** |
|                                       ) | |
| vs.                                   ) | |
|                                       ) | |
| Francisco Canastillo-Arguelles,       ) | |
|                                       ) | |
| Defendant.            ) | |
|                                       ) | |

The District Court referred this case to the Magistrate-Judge for consideration of pretrial motions.

Pending before the court is the defendant's motion to dismiss the indictment because it was not timely filed in violation of the Speedy Trial Act (the Act). [doc. # 7] The government filed a response. Magistrate-Judge Edmonds held a hearing on the motion on September 29, 2006. The Magistrate-Judge recommends the motion be denied. The indictment was not filed beyond the 30-day period allowed by the Act.

**CHARGES:**

The indictment charges Canastillo-Arguelles with re-entry after deportation in violation of Title 8, United States Code, Section 1326, enhanced by Title 8, United States Code, Section 1326(b)(2).

***Facts*:**

On February 15, 2005, Canastillo-Arguelles was removed from the United States. He apparently re-entered the United States some time later.

On October 2, 2005, Canastillo-Arguelles was arrested by the Tucson Police Department and charged with assault. He gave a false name and was released.

The government, however, eventually discovered Canastillo-Arguelles' real name and on February 3, 2006, a petition to revoke supervised release was prepared. That same day, the district court issued a warrant for Canastillo-Arguelles' arrest based on that petition.

On May 8, 2006, Canastillo-Arguelles was arrested by the United States Marshals Service. He had his initial appearance on May 10, 2006, in case number CR-02-0582-JMR-BPV. An evidentiary hearing was set, but it was vacated by the defendant when he learned the government planned to indict him for violating section 1326.

On July 26, 2006, a grand jury indicted Canastillo-Arguelles for violating section 1326 in case number CR-06-1300-FRZ-GEE.

On September 5, 2006, Canastillo-Arguelles filed the instant motion to dismiss because he had been in custody 81 days – from May 8, 2006 to July 28, 2006 – prior to his indictment.[1]

***Discussion:***

The "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . *in connection with such charges*." 18 U.S.C. § 3161(b) (emphasis added). If the government fails to meet this deadline, the charges must be dismissed. 18 U.S.C. § 3162(a)(1).

---

[1] Canastillo-Arguelles maintains he was indicted on July 28th not July 26th. The court need not resolve this discrepancy.

- 2 -

1  In this case, Canastillo-Arguelles argues the indictment was not filed within the 30-day period assuming the clock began to run on May 8, 2006, when he was taken into custody by the United States Marshals Service. This assumption is incorrect.

The 30-day clock begins to run when the defendant is arrested "in connection with such charges" that are contained in the eventual indictment. 18 U.S.C. § 3161(b). Here, Canastillo-Arguelles was arrested because he violated his supervised release. This arrest was for a different charge than the one that eventually comprised his indictment. Accordingly, this arrest did not trigger the 30-day clock for filing the section 1326 indictment. *See United States v. Contreras*, 63 F.3d 852, 855 (9th Cir. 1995) (Where the defendant was arrested for violating supervised release and indicted for illegal reentry seven month later, the Speedy Trial Act was not violated.). The indictment was not filed beyond the 30-day period because the 30-day period was never triggered. The indictment and the supervised release violation are based on the same *conduct*, but absent special circumstances this is irrelevant. *Id.*

The indictment was not filed beyond the 30-day period allowed by the Speedy Trial Act. The defendant's motion to dismiss should be denied.

RECOMMENDATION:

In view of the foregoing, it is recommended that after an independent review of the record, the District Court **DENY** the defendant's motion to dismiss the indictment filed on September 5, 2006. [doc. #7]

This Report and Recommendation is being faxed to all counsel on this date. Counsel must file any objections within ten (10) days of today's date.

DATED this 18th day of October, 2006.

Glenda E. Edmonds
United States Magistrate Judge